34 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Randy Lee WITZEL, Defendant-Appellant.
 No. 93-50494.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 15, 1994.
Decided Aug. 29, 1994.
 
 1
 Before: WALLACE, Chief Judge, REINHARDT, Circuit Judge, and TANNER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Randy Lee Witzel was convicted of possession of stolen mail matter in violation of 18 U.S.C. Sec. 1708. He was sentenced to 18 months in custody to be followed by three years of supervised release based upon an offense level of 8 and a criminal history category of VI. He appeals the sentence. Specifically, he challenges the failure of the district court to conduct an evidentiary hearing regarding the constitutionality of his prior potentially uncounseled convictions for Driving While License Suspended (DWLS). We have jurisdiction over this timely appeal and AFFIRM.
 
 
 4
 On June 6, 1994 the Supreme Court decided Nichols v. United States, 114 S.Ct. 1921 (1994). Nichols holds that prior uncounseled misdemeanor convictions that do not result in the imposition of jail time may be used to enhance punishment in a subsequent conviction. Nichols, 114 S.Ct. at 1928. Therefore, prior uncounseled misdemeanor convictions can be counted to calculate a criminal history category under the guidelines.
 
 
 5
 Nichols has removed Witzel's challenge to all but two of his prior convictions for DWLS. He may challenge his August 11, 1987 conviction (case # Y165194) and his July 15, 1988 conviction (case # CR95431) because both of those convictions resulted in the imposition of some jail time.[1] The other convictions for DWLS did not result in the imposition of jail time. His challenge, however, to the July 15, 1988 conviction (case # CR95431) is not well taken because he was assessed 3 criminal history points under USSG Sec. 4A1.1(a). He was assessed those 3 points because he was sentenced to 16 months on a probation revocation for his simultaneous conviction for possession of a controlled substance. (See also his May 22, 1990 conviction for sale of a controlled substance, case # CR113589).
 
 
 6
 His challenge to the remaining DWLS, the August 11, 1987 conviction, affords him no practical relief. He would still receive the maximum of 4 criminal history points under USSG Sec. 4A1.1(c), together with 3 points on each of the two felony convictions under USSG Sec. 4A1.1(a), together with the 3 points of enhancements under USSG Secs. 4A1.1(d) and (e). Therefore, he would continue to have 13 criminal history points and still be in a criminal history category VI. The error, if any, in denying the defendant an evidentiary hearing, was harmless.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The PSR does not indicate how much jail time the defendant received for his August 11, 1987 conviction. The disposition is merely noted as "Sent. to 2 yrs. crt. prob., fined, jail." However, Nichols does not discuss a specific amount of time in jail, only the actual serving of time